UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CWIKLA, on behalf of himself, individually, and on behalf of all others similarly-situated, | **COMPLAINT** |
| Plaintiff, | |
| -against- | **Docket No.: 20-cv-1976** |
| SAFEWAY CONSTRUCTION ENTERPRISES, LLC, and SCSC ENTERPRISES INC., and STEVE CESTARO, individually, | Jury Trial Demanded |
| Defendants. | |

JAMES CWIKLA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C. and MORITT HOCK & HAMROFF LLP, as and for his Complaint against SAFEWAY CONSTRUCTION ENTERPRISES, LLC ("Safeway LLC"), and SCSC ENTERPRISES INC. ("SCSC," and together with Safeway LLC, as "Safeway"), and STEVE CESTARO, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the anti-retaliation provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3); (ii) one of the anti-retaliation provisions of the New York Labor Law ("NYLL"), NYLL § 215(1)(a); and (iii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two site development and utilities construction companies that operate as a single enterprise based in Maspeth, New York, and the enterprise's Chief Executive Officer - - as a non-managerial laborer from March 6, 2017 to February 15, 2020. As described below, as a result of Plaintiff's participation as an opt-in plaintiff in the FLSA/NYLL wage and hour collective and class action entitled *Egan et al. v. Safeway Construction Enterprises, LLC. et al.*, 18-cv-2052-RJD-PK (E.D.N.Y. Apr. 9, 2019), Defendants retaliated by terminating Plaintiff's employment, in violation of the FLSA and the NYLL.

3. Defendants similarly took actions to discourage and/or threaten other non-managerial laborers from participating in the *Egan* action.

4. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA's anti-retaliation provisions. Plaintiff brings his claims under the NYLL's anti-retaliation provisions on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

7. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA and the NYLL.

8. At all relevant times herein, Safeway LLC was and is a New York corporation with its principal place of business located at 54-60 44th Street, Maspeth, New York 11378.

9. At all relevant times herein, SCSC, formerly known as Safeway Construction Inc. until August 16, 2016, was and is a New York corporation with its principal place of business also located at 54-60 44th Street, Maspeth, New York 11378.

10. At all relevant times herein, Defendant Cestaro was and is the Chief Executive Officer of each Safeway entity. In this role, and as a co-owner of both Safeway entities, Defendant Cestaro personally managed and oversaw the day-to-day operations of each, which together served a common business purpose in utilities installation.

11. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Safeway LLC's and SCSC's qualifying annual business, either independently or together, exceeded and exceeds $500,000.00, and Safeway LLC and SCSC were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees and used and use tools and supplies in the course of their business, such as hammers, helmets, and ladders, which originate in states other than New York, and installed and install and maintained and maintain a utility service that transverses state lines, the combination of which subjects Defendants to the FLSA's anti-retaliation requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants all damages sustained as a result of Defendants' retaliatory conduct, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial laborers who received the Court-Authorized Notice of Lawsuit in the case entitled *Egan et al. v. Safeway Construction Enterprises, LLC. et al.*, 18-cv-2052-RJD-PK (E.D.N.Y. Apr. 9, 2019), and were retaliated against based on their actual or anticipated participation in that lawsuit, and who consent to file a claim to recover damages that are legally due to them based on Defendants' retaliatory conduct ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) all received the Court-Authorized Notice of Lawsuit in the *Egan* lawsuit; and (4) were retaliated against for participating or for Defendants' perception that they would participate in the *Egan* lawsuit.

14. At all relevant times, Defendants were aware of the *Egan* lawsuit and the individuals who participated in the lawsuit by filing Consent to Join Lawsuit forms, or who were eligible to participate in that lawsuit after receiving the Consent to Join Lawsuit form, which prompted Defendants to retaliate against the participants or would-be participants in the *Egan* action on account of them joining the action or Defendants' perception that they might join the action.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of retaliation against individuals who asserted or were eligible to assert their rights by participating in a lawsuit involving alleged FLSA overtime violations, in violation of the FLSA.

**BACKGROUND FACTS**

16. Safeway is two site development and utilities construction corporations located in Maspeth, New York, which performs underground installation of infrastructure relating to gas, water, steam, electricity, and telecommunications, and additionally performs upgrades, expansions, and ongoing maintenance and repair on those same infrastructures, mainly on contracts that it possesses with Consolidated Edison, Inc. (commonly known as "Con Ed").

17. Defendant Cestaro, as the CEO of both entities, was and is involved in the hiring and firing of Safeway's non-managerial laborers, and Cestaro made the ultimate decision to terminate Plaintiff's employment.

18. Plaintiff worked for Defendants as a non-managerial laborer from March 6, 2017 until Defendants terminated his employment on February 15, 2020.

19. As a non-managerial laborer, Plaintiff was responsible for performing underground gas installations by digging trenches, cutting wood, shoveling, and performing other tasks needed to complete installations.

20. On April 9, 2019, Greg Egan and Paul Tavolilla filed and action entitled *Egan et al. v. Safeway Construction Enterprises, LLC. et al.*, 18-cv-2052-RJD-PK (E.D.N.Y. Apr. 9, 2019), alleging that their former employers, Safeway Construction Enterprises, Inc., Steve Cestaro, and Raymond Cestaro, failed to pay them proper overtime compensation for all hours worked exceeding forty in a workweek, in violation of the FLSA and the NYLL. On July 12, 2019, Egan and Tavolilla amended their Complaint to include SCSC Enterprises Inc. as a defendant in that action.

21. On May 30, 2019, Egan and Tavolilla moved for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b), seeking authorization to distribute notice to all similarly-situated non-managerial laborers, providing those putative members with an opportunity to opt-in to the *Egan* action. On August 5, 2019, the Honorable Peggy Kuo, United States Magistrate Judge, granted Egan and Tavolilla's motion to conditionally certify the collective action and authorized the distribution of notice, by various means, and a sixty-day notice period during which the putative members could opt-in to that case by filing the court-approved Consent to Join Lawsuit forms with the court. On August 19, 2019, the defendants objected to Judge Kuo's order, but on September 3, 2019, District Judge Dearie overruled the objection and ordered that notice to putative members be sent no later than September 24, 2019.

22. On November 14, 2019, Plaintiff joined the *Egan* action after receiving the notice of the lawsuit by filing a Consent to Join Lawsuit form with the Court.

23. Prior to receiving the notice and up until the date of his termination, Plaintiff never received any discipline, either written or verbal, from Defendants, nor did he receive any negative remarks or warnings concerning his job performance.

24. On December 7, 2019, John Capono, a Safeway laborer and friend of Defendant Cestaro's, communicated to Plaintiff by telephone that Cestaro was furious as a result of his employees joining the lawsuit and that Cestaro told him that he was going to start taking action against anyone who joined the lawsuit by calling them to his office, starting immediately. Capono also told Plaintiff that "Steve is ruthless, he is going to blackball these guys and they will never work for a utilities company, I'm telling you, no one is going to hire them." Capono also said that Cestaro identified four workers who joined the lawsuit but that he would eventually find out everyone who did, and that "these guys are gone." Capono additionally told Plaintiff that Cestaro

6

was going to call one of the laborers who joined the action, Louis Jamie, into his office, and "rip him apart" because Cestaro pulled him from a "Con Ed piece of shit job and this is what he does to [Cestaro]." Capono said that "come Monday, you won't see him Tuesday."

25. Based on this information, on December 9, 2019, Plaintiff informed Jamie about the upcoming meeting and suggested that Jamie record the meeting in order to protect himself.

26. On December 13, 2019, Cestaro did in fact call Jamie into his office for a conference about his participation in the lawsuit, just as Capono had told Plaintiff that Cestaro was planning. During this meeting, Cestaro told Jamie:

> Another thing, I got to be honest with you, another thing I'm fucking really disappointed about is that you joined that lawsuit, it's just fucking mind-boggling. You work for this company and you join a lawsuit against us. How do you think that's going to work for your longevity working here? What would you do? You're a smart guy. And the thing is too, we have lawyers that are going to fight this tooth and nail, most guys are probably going to get nothing. It is just mind-boggling, I mean, how you left Con Ed to come work for us and then you are going to join a lawsuit against us, and then think everything is OK. You're suing us. It's just fucking mind-boggling. I don't know what to do about it, because why would you sue the company that pays . . . that you work for? Why would you do that, it just makes no fucking sense. And it's not even a legitimate claim either . . . The thing is too, I'm not looking to push you out of a job but I'm going to tell you the truth, if your numbers don't step up its not going to work out . . . I can get another guy tomorrow that is going to work his ass off . . . if someone starts a new job out just to make fucking overtime, it's a bad reflection on the company . . . we can't have bullshit, all that I ask is just go to work and do the job.

27. In January 2020, Plaintiff sent an email seeking information on National Gas Association testing to Grace Bencosme in Safeway's Human Resources department. Although Bencosme had previously been responsive to Plaintiff during his three-year employment when Plaintiff had reached out for similar reasons, Bencosme this time declined to respond to Plaintiff concerning the testing.

7

28. On February 15, 2020, Cestaro terminated Plaintiff's employment, providing as the reason for termination that Plaintiff had texted Capono a video that contained footage of the worksite. Capono shared the video with Cestaro, who demanded that Safeway's Vice President of Logistics, Victor Schiano, terminate Plaintiff's employment, which Schiano did immediately. While Safeway had a policy that pictures and videos taken on the worksite could not be published on social media platforms, Safeway did not have any policy prohibiting employees from taking pictures or videos showing footage of the worksite. Plaintiff stated this to Schiano at the time of the firing, but Schiano just shrugged and walked off, confirming that Defendants termination was based on Plaintiff's participation in the *Egan* lawsuit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the FLSA*

29. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. 29 U.S.C. § 215(a)(3) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the FLSA.

31. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

32. As also described above, after Plaintiff and FLSA Plaintiffs engaged in activity protected under the FLSA, Defendants retaliated by terminating their employment or otherwise retaliating against them.

33. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the FLSA, Plaintiff and FLSA Plaintiffs have suffered, and continue to suffer, economic harm, for which they are entitled to an award of monetary damages and other relief.

8

34. Plaintiff and FLSA Plaintiffs are also entitled to compensatory damages, punitive damages, liquidated damages, and attorneys' fees for Defendants' violations of the FLSA's anti-retaliation provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Retaliation in Violation of the NYLL*

35. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. NYLL § 215(1)(a) prohibits employers from discharging or in any other manner discriminating against an employee because such employee has filed any complaint relating to an employer's violation of the NYLL.

37. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

38. As also described above, after Plaintiff and any FLSA Plaintiff who opts into this action, engaged in activity protected under the NYLL, Defendants retaliated by terminating their employment or otherwise retaliating against them.

39. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff and any FLSA Plaintiff who opts into this action, have suffered, and continue to suffer, economic harm, for which they are entitled to an award of monetary damages and other relief.

40. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to compensatory damages, punitive damages, liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's anti-retaliation provisions.

41. At or before the filing of this Complaint, Plaintiff has served notice of this action upon the Office of the New York State Attorney General pursuant to NYLL § 215(b)(2), thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL on behalf of himself and all those similarly-situated.

## **DEMAND FOR A JURY TRIAL**

42. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Granting Plaintiff and FLSA Plaintiffs all damages sustained as a result of Defendants' retaliatory conduct, including general and special damages for past and future lost compensation and benefits that Plaintiff and FLSA Plaintiffs would have received but for Defendants' conduct, including but not limited to back pay and front pay, whether legal or equitable in nature, as well as for emotional distress and/or mental anguish in connection with their claims;

f. Granting Plaintiff and FLSA Plaintiffs all damages to compensate Plaintiff and FLSA Plaintiffs for harm to their professional and personal reputations and loss of career fulfillment, emotional distress damages, general and special damages for lost compensation and employee benefits that they would have received but for Defendants' conduct, and any other out-of-pocket losses that Plaintiff and FLSA Plaintiffs have incurred or will incur;

g. Granting an award of punitive damages, to the extent permitted by law, commensurate with Defendants' ability to pay;

h. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

i. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

j. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

k. Pre-judgment and post-judgment interest, as provided by law; and

l.  Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
April 30, 2020

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
(212) 679-5000

By: _____
JEFFREY R. MAGUIRE (JM 4821)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)

Dated: Garden City, New York
April 30, 2020

MORITT HOCK & HAMROFF LLP
*Attorneys for Plaintiff*
400 Garden City Plaza
Garden City, New York 11530
(516) 873-2000

By: _____
KEITH J. FRANK (KF 6271)